**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ted King, | ) No. CV-14-106-PHX-LOA |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Earnhardt's Gilbert Dodge, Inc., | ) |
| Defendant. | ) |

This action is before the Court on *pro se* Plaintiff's Motion for Leave to Alternative Service of Process, requesting "[l]eave to serve process the most economical way, via USPS Registered [mail] - Certified to each of the three defendants named herein[.]"[1] (Doc. 4) (bolding omitted) On February 3, 2014, the Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, but, after screening the Complaint, as required by 28 U.S.C. § 1915(e), the Court ordered Plaintiff to file an Amended Complaint by February 21, 2014 due to a number of pleading deficiencies. (Doc. 6)

**I. Service of Process**

Before a federal or state court may exercise personal jurisdiction over a defendant, the procedural requirement of service of the summons and complaint must be satisfied. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on*

---

[1] Note: there is only one named defendant in this action, Earnhardt's Gilbert Dodge, Inc.

*other grounds*; *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Because service of process is the means by which a trial court obtains jurisdiction over a person or corporation, "[a] person [or corporation] is not bound by a judgment in a litigation to which he or [it] has not been made a party by service of process." *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Rule 4, Fed.R.Civ.P., governs the service of process in federal courts. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

"[T]he purpose of the rules requiring service of process is to give a defendant 'notice of the proceeding against him.'" *Rebuild America, Inc. v. Golden Raven, Inc.*, 2008 WL 4173637, at *3 (Az. Ct. App. Feb. 14, 2008) (citation omitted). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950).

Federal Rule of Civil Procedure 4(h) addresses service of process on a legal entity, such as a corporation, partnership, or limited liability company, within or outside a judicial district of the United States. It provides that, unless otherwise provided by federal law or a defendant's waiver of service under Rule 4(d) has been filed, a legal entity may be served in any judicial district of the United States. Rule 4(h) provides, in relevant part, that process must be served:

> (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . . .

Rule 4(h)(1)(A)-(B), Fed.R.Civ.P.

Federal Rule of Civil Procedure 4(e)(1), in turn, provides that "[u]nless federal law

1  provides otherwise, an individual . . . may be served in a judicial district of the United States
2  by: (1) following state law for serving a summons in an action brought in courts of general
3  jurisdiction in the state where the district court is located or where service is made . . . ."
4  Rule 4(e)(1), Fed.R.Civ.P.

5  "Service by mail is an alternative form of service, available in lieu of personal
6  service." *Postal Instant Press v. Corral Restaurants, Inc*., 186 Ariz. 535, 537, 925 P.2d 260,
7  262 (Ariz. 1996). "Personal service is usually preferred, as it insures that the named party
8  receives actual and timely notice of the action." *Ritchie v. Salvatore Gatto Partners*, 223
9  Ariz. 304, 307, 222 P.3d 920, 923 (Az. Ct. App. 2010). "Under certain circumstances,
10 however, alternative forms of service may be utilized." *Id*. (citing Ariz. R. Civ. P. 4.1(m),
11 (n); *Barlage v. Valentine*, 210 Ariz. 270, 277, 110 P.3d 371, 378 (Az. Ct. App. 2005) (listing
12 examples of alternatives to personal service for purposes of conveying notice)). One such
13 circumstance occurs when personal service on a defendant has become "impracticable." *See*
14 Rule 4.1(k), Ariz.R.Civ.P., formerly Rule 4.1(m). *See BMO Harris Bank, N.A. v. D.R.C.*
15 *Investments, L.L.C.*, 2013 WL 4804482, at *3-4 (D. Ariz. Sept. 9, 2013).

16 **II. Discussion**

17     It is premature to determine the manner in which Defendant Earnhardt's Gilbert
18 Dodge, Inc.[2] should be served with process, especially considering Plaintiff is requesting
19 service by mail, a less desirable alternative means, and there is no evidence that personal
20 service on Defendant is impractical. Moreover, if Plaintiff's Amended Complaint does not
21 cure the original Complaint's deficiencies and fails to allege a plausible claim, this action
22 will be dismissed and any service issue would be moot. Lastly, assuming the initial pleading
23 deficiencies are cured and this action is allowed to proceed and Defendant does not file a
24 waiver service pursuant to Rule 4(d), Fed.R.Civ.P., the United States Marshal Service will
25 initially attempt personal service on Defendant. While service by mail may certainly be more

26

---

27     [2] According to the Arizona Corporation Commission's public website, Earnhardt's
28 Gilbert Dodge, Inc. is an active and in-good-standing Arizona corporation with a duly
   appointed Arizona statutory agent. *See* www.azcc.gov (last viewed on February 5, 2014)

economical, it is not the service method of choice in the first instance and may not be valid service under the circumstances.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Alternative Service of Process, doc. 4, is **DENIED** without prejudice as premature.

DATED this 5th day of February, 2014.

Lawrence O. Anderson
United States Magistrate Judge