**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ted King, | No. CV-14-106-PHX-LOA |
| Plaintiff, | **ORDER** |
| v. | |
| Earnhardt's Gilbert Dodge, Inc., | |
| Defendant. | |

This matter is before the Court on *pro se* Plaintiff's First Amended Complaint. (Doc. 7)

On February 3, 2014, the Court screened the original Complaint in this matter pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 6) The Court dismissed the Complaint and granted Plaintiff leave to file an amended complaint by February 21, 2014. (*Id.*) The Court instructed Plaintiff that in the amended complaint, he must "make clear his allegations in short, plain statements with each claim for relief identified by in separate sections." (*Id*. at 5) In addition the Court explained that "each claim of an alleged violation must be set forth in a separate count and the factual allegations must be separately numbered" and the "amended complaint must conform to the requirements of Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure." (*Id.* at 5-6) To state a a claim upon which relief may be granted, "a complaint [or amended complaint] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The Court warned Plaintiff that if he filed an amended complaint that failed comply with the Court's instructions, the action would be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure." (*Id*. at 6)

Two days later, on February 5, 2014, Plaintiff filed a verified First Amended Complaint ("the amended complaint"). (Doc. 7)  In the amended complaint, Plaintiff alleges one claim for relief that he labels "TILA." The Court assumes Plaintiff is referring to the Truth in Lending Act, which he references in the jurisdictional section of the amended complaint. (Doc. 7 at 1) The Truth in Lending Act ("TILA") and its accompanying regulations require various disclosures in lending agreements. *See* 15 U.S.C. §§ 1601–1616, 12 C.F.R. pt. 226. The TILA confers a statutory "right of action only on a borrower in a suit against a borrower's creditor." *Talley v. Deutsche Bank Trust Co.*, 2008 WL 4606302, at *2 (D.N.J. Oct. 15, 2008).

Plaintiff, who has filed six lawsuits in the District Court of Arizona since 2010, alleges in his claim for relief that "the contract between the parties" is not valid because the "amounts indicated in the ***financing statement and security agreement*** are not consistent with the ***Offer and Acceptance Contract*** signed and approved by both parties." (Doc. 7 at 2)  (emphasis in original). Plaintiff does not provide a copy of the contract to assist the Court in understanding his claim and fails to provide any other information about the contract he is disputing, except to say that the "invalid contract compelled monthly payments that were far in excess of the ***Offer and Acceptance Contract***" that he "only paid because he was compelled by the financing statement and security agreement to do so." (*Id*. at 3) (emphasis in original).  Despite the "TILA" label, Plaintiff does not include any allegations related to the TILA. The only citation to legal authority in the claim for relief is Arizona Revised Statute ("A.R.S.") § 47-3308, which pertains to proof of signatures.

The Court finds that Plaintiff's conclusory allegations are insufficient to state a claim under the TILA. Plaintiff fails to identify which provision of the TILA Defendant

allegedly violated. He also fails to adequately identify the "contract" at issue, or to describe the Defendant's conduct that gave rise to the alleged TILA violation. Such conclusory allegations are insufficient to state a claim under the TILA, even considering Plaintiff's *pro se* status. *See Dominick v. Chase Home Fin. LLC,* 2012 WL 78886, at *2 (D. Ariz. Jan. 11, 2012) (dismissing *pro se* plaintiff's TILA claims as conclusory); *Smith v. Aurora Loan Servs*, 2010 WL 3504899, at *3 (E.D. Cal. Sept. 7, 2010) (finding that *pro se* plaintiff's conclusory allegations did not state a claim under TILA). The Court further finds that Plaintiff's conclusory allegations fail to state a claim for relief on any other basis.

While *pro se* Plaintiff's pleadings are held to a less stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir. 1986). *Pro se* litigants "must meet certain minimal standards of pleading." *Ticktin v. C.I.A.*, 2009 WL 976517, at *4 (D. Ariz. April 9, 2009) (citation omitted). "A *pro se* complaint that . . . fails to plainly and concisely state the claims asserted . . . falls short of the liberal and minimal standards set out in Rule 8(a)." *Id.* (citation and internal quotation marks omitted); *see also Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1111 (E.D. Cal. 2009) (holding that the Rule 8 requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)") (citation omitted).

Because the minimal facts alleged in the amended complaint against Defendant Earnhardt's Gilbert Dodge, Inc. "do not permit the court to infer more than the mere possibility of misconduct, the [amended] [c]omplaint has alleged - but it has not shown - that [Plaintiff] is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)) (brackets and internal quotation marks omitted). The Court finds the amended complaint fails to adequately plead a plausible claim against Defendant. Because Plaintiff has not cured the deficiencies expressly outlined in the Court's February 3, 2014 Order, and his

amended complaint fails to state a claim upon which relief could be granted, Plaintiff's First Amended Complaint and this action will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint, doc. 7, is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that all pending motions in this action are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is dismissed and the Clerk of Court is kindly directed to enter judgment accordingly.

DATED this 1st day of July, 2014.

Lawrence O. Anderson
United States Magistrate Judge

- 4 -