1  **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9   Ted King,                          )  No. CV-14-106-PHX-LOA
                                       )
10                  Plaintiff,         )  **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    Earnhardt's Gilbert Dodge, Inc.,   )
13                                     )
                    Defendant.         )
14                                     )
                                       )
15  _____)

16       This terminated action arises on the July 10, 2014 Referral Notice from the Clerk of

17  Court for the Ninth Circuit Court of Appeals, directing the District Court of Arizona

18  determine in the first instance whether Plaintiff-Appellant's "[*i*]*n forma pauperis* status

19  should continue for [h]is appeal or whether the appeal is frivolous or taken in bad faith."

20  Doc. 53 at 1) (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091,

21  1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where district

22  court finds the appeal to be frivolous)). "If the district court elects to revoke *in forma*

23  *pauperis* status, the district court is requested to notify this court and the parties of such

24  determination within 21 days of the date of this referral. If the district court does not revoke

25  in forma pauperis status, such status will continue automatically for this appeal pursuant to

26  Fed. R. App. P. 24(a)." (*Id.*) (italics added).

    **I. Background**

27       In his underlying action filed on January 21, 2014, Plaintiff brought suit against

28  Defendant Earnhardt's Gilbert Dodge, Inc. (Doc. 1)  On February 3, 2014, the Court

screened the original complaint, pursuant to 28 U.S.C. § 1915(e)(2), and found it failed to state a claim upon which relief may be granted. (Doc. 6)  The Court ordered Plaintiff to file an amended complaint by February 21, 2014, that stated a claim upon which relief may be granted and comply with the screening order or the action would be dismissed. (*Id*.) The Court found that "[t]he allegations regarding any purported wrongdoing by Earnhardt Dodge [were] vague, conclusory, and at times unintelligible."  (*Id*. at 5) The Court instructed Plaintiff that in the amended complaint, he must "make clear his allegations in short, plain statements with each claim for relief identified by in separate sections." (*Id*. at 5)  In addition, the Court explained that "each claim of an alleged violation must be set forth in a separate count and the factual allegations must be separately numbered" and the "amended complaint must conform to the requirements of Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure." (*Id*. at 5-6)  In providing Plaintiff with the opportunity to amend the complaint, the Court also explained that, *inter alia*, the amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The Court warned Plaintiff that if he filed an amended complaint that failed comply with the Court's instructions, this action would be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure.  (*Id*. at 6) The parties consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 10, 14)

        Plaintiff filed a timely amended complaint on February 5, 2014. (Doc. 7)  In the amended complaint, Plaintiff alleged one claim for relief that he labels "TILA." The Court assumed Plaintiff was referring to the Truth in Lending Act, which he references in the jurisdictional section of the amended complaint. (*Id*. at 1) The Truth in Lending Act ("TILA") and its accompanying regulations require various disclosures in lending agreements. *See* 15 U.S.C. §§ 1601-1616, 12 C.F.R. pt. 226. The TILA confers a statutory "right of action only on a borrower in a suit against a borrower's creditor." *Talley v. Deutsche Bank Trust Co.*, 2008 WL 4606302, at *2 (D.N.J. Oct. 15, 2008).

After a second screening, the Court found that the amended complaint's "conclusory allegations [were] insufficient to state a claim under the TILA." (Doc. 44 at 2-3) Plaintiff failed to identify which provision of the TILA Defendant allegedly violated. He also fails to adequately identify the "contract" at issue, or to describe the Defendant's conduct that gave rise to the alleged TILA violation. "Such conclusory allegations are insufficient to state a claim under the TILA, even considering Plaintiff's *pro se* status." (*Id*. at 3) (citing *Dominick v. Chase Home Fin. LLC*, 2012 WL 78886, at *2 (D. Ariz. Jan. 11, 2012) (dismissing *pro se* plaintiff's TILA claims as conclusory); *Smith v. Aurora Loan Servs*, 2010 WL 3504899, at *3 (E.D. Cal. Sept. 7, 2010) (finding that *pro se* plaintiff's conclusory allegations did not state a claim under TILA). The Court further finds that Plaintiff's conclusory allegations fail to state a claim for relief on any other basis.

**II. *In Forma Pauperis* on Appeal**

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP. Rule 24(a)(3)(A), Fed.R.App.P. Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." Section 1915(e)(2) (B) provides, in part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious[.]"

The term "frivolous" has not been defined by Congress, but, purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke*, 490 U.S. at 325. An issue is frivolous if it has "no arguable basis in fact or law." *Id.* (citation omitted). "[A] legal claim may be deemed frivolous if it is wholly

1   unsupported by law or facts." *Robertson v. DLJ Mortg. Capital, Inc*., 2012 WL 5505501, at
2   *1 (D. Ariz. Nov. 13, 2012) (quoting *Magee v. Hatch*, 26 F.Supp.2d 153, 155 (D.D.C.
3   1998)(citations omitted)). An appeal is in "good faith" so long as it seeks review of any issue
4   that is not "frivolous." *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Gardner*,
5   558 at 551.

6   **III. Discussion**

7           In his Notice Of Appeal, Plaintiff contends that "[t]he Order of Dismissal by the Court
8   is arbitrary and capricious. Plaintiff will appeal for remanding the justified cause of action."
9   (Doc. 48 at 1)  Plaintiff fails to explain why the dismissal of this action was "arbitrary and
10  capricious" or even mention the actual basis for the dismissal, *viz*., the failure to allege
11  sufficient facts to raise a plausible claim for relief. The Court finds that Plaintiff's appeal has
12  "no arguable basis in fact or law." *Neitzke*, 490 U.S. at 325.

13          If Plaintiff still wishes to proceed *in forma pauperis* on appeal, he must file a motion
14  with the Ninth Circuit in accordance with the procedure set forth in Fed.R.App.P. 24(a)(4)
15  and (5).[1]

16  _____

17          [1] Subsections (a)(4) and (5) of Rule 24 of the Federal Rules of Appellate Procedure
18  provide a procedural route for litigants to challenge the trial court's certification.  These
    subsections provide:

19
20      (4) Notice of the District Court's Denial.  The district clerk must immediately notify
        the parties and the court of appeals when the district court does any of the following:

21
22          (A) denies a motion to proceed on appeal *in forma pauperis*;
23
24          (B) certifies that the appeal is not taken in good faith; or
25
            (C) finds that the party is otherwise not entitled to proceed *in forma
            pauperis*.

26      (5) Motion in the Court of Appeals.  A party may file a motion to proceed on
27      appeal *in forma pauperis* in the court of appeals within 30 days after service of
        the notice prescribed in Rule 24(a)(4).  The motion must include a copy of the
28      affidavit filed in the district court and the district court's statement of reasons
        for its action.  If no affidavit was filed in the district court, the party must include

- 4 -

1    Accordingly,

2    **IT IS ORDERED** that Plaintiff's *in forma pauperis* status for this appeal is **DENIED**

3    as Plaintiff's appeal is frivolous.

4    **IT IS FURTHER CERTIFIED** that, pursuant to 28 U.S.C. § 1915(a)(3) and Rule

5    24(a) of the Federal Rules of Appellate Procedure, the appeal in this matter by Plaintiff-

6    Appellant is not taken in good faith.

7    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to

8    immediately send a copy of this Order to Plaintiff, Defendant, and the Ninth Circuit Court

9    of Appeals.

10   Dated this 29th day of July, 2014.

11

12

13                    Lawrence O. Anderson
                      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   the affidavit prescribed by Rule 24(a).

28   Fed.R.App.P. 24(a)(4), (5).